UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELYSIAN LABS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE ARMY,<br><br>Defendant. | Civil Action No. 21-1963 (CRC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL FOR ELYSIAN LABS, INC.**

Pursuant to Local Rule 83.6(c), undersigned counsel hereby moves this Court for leave to withdraw as counsel for the Plaintiffs in this action due to the fact undersigned is unable to obtain instructions from Plaintiff. Moreover, Plaintiff stopped any communications with undersigned counsel with respect to its obligation to pay its attorney's fees in connection with its representation in this action. Currently, the past-due balance owed to FisherBroyles LLP has reached $1,505.00. Multiple communications placed with the client remain unanswered. Given the fact that Plaintiff has failed to pay the firm for services rendered and the lack of any instructions, the firm cannot continue representation of Plaintiff because "the representation will result in an unreasonable financial burden on the lawyer or obdurate or vexatious conduct on the part of the client has rendered the representation unreasonably difficult." *See Hancock v. Mutual of Omaha Ins. Co.*, 472 A.2d 867, 869 (D.C. 1984).

**ARGUMENT**

Withdrawal of counsel is governed by Local Rule 83.6(c), which states:

1

WITHDRAWAL OF APPEARANCE BY MOTION

> If a trial date has been set, or if a party's written consent is not obtained, or if the party is not represented by another attorney, an attorney may withdraw an appearance for a party only by order of the court upon motion by the attorney served upon all parties to the case. Unless the party is represented by another attorney or the motion is made in open court in the party's presence, a motion to withdraw an appearance shall be accompanied by a certificate of service listing the party's last known address and stating that the attorney has served upon the party a copy of the motion and a notice advising the party to obtain other counsel, or, if the party intends to conduct the case prose or to object to the withdrawal, to so notify the Clerk in writing within seven days of service of the motion.

Undersigned counsel have complied with said rule, as it is evidenced by the notice sent to Moldova. Exhibit 1.

"The decision to grant or deny a motion by an attorney to withdraw as counsel is committed to the discretion of the trial court." *Oliver v. United States*, 832 A.2d 153, 156 (D.C. 2003). Attorneys may withdraw where a "client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled. Breen v. Chao, 304 F. Supp. 3d 9, 25 (D.D.C. 2018). Courts have uniformly recognized that absent unfair prejudice to the client or to opposing counsel, attorneys should be permitted to withdraw when clients are not communicating with them or have indicated that they are not willing or able to pay their attorney fees. *See, e.g., Crane v. Crane*, 657 A.2d 312, 318-319 (D.C. 1995); *Barton v. D.C.* 209 F.R.D. 274, 277-78 (D.D.C. 2002).

Pursuant to Rules l.16(b)(3) and l.16(b)(4) of the District of Columbia Rules of Professional Conduct, an attorney may withdraw from representing a client if "[t]he client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," or if "[t]he representation will result in an unreasonable financial burden on the lawyer or obdurate or

vexatious conduct on the part of the client has rendered the representation unreasonably difficult." Where a client refuses to communicate with his attorney and makes no arrangements to pay the attorney for past services, the attorney's motion to withdraw will ordinarily be granted. *See Hancock v. Mutual of Omaha Ins. Co.*, 472 A.2d 867, 869 (D.C. 1984).

Here, since Plaintiff has failed to pay legal fees, it would be unreasonable to deny this Motion to Withdraw as counsel. Undersigned counsel's withdrawal from representation will not in any way delay this action or prejudice Plaintiff. *See, e.g.*, *Winkfield v. Kirschenbaum & Philllips, P.C.*, 2013 WL 371673, at *1 (S.D.N.Y. Jan 29, 2013) (when a case is not "on the verge of trial readiness, withdrawal of counsel is unlikely to cause either prejudice or such substantial disruption to the proceedings as to warrant a denial of leave to withdraw.); *D.E.A.R. Cinestudi S.PA. v. Int'l Media Films, Inc.*, 2006 WL 1676485, at *1-2 (S.D.N.Y. June 16, 2006)(granting counsel's motion to withdraw due to fact that trial was months away); Spadola v. New York City Trans. Auth., 2002 WL 59423 at *1 (S.D.N.Y. Jan 16, 2002) (allowing counsel to withdraw where client "would not be unduly prejudiced by his counsel's withdrawal at this state of litigation.").

## **CONCLUSION**

For the reasons set forth above, it is respectfully requested that the Court permit undersigned counsel to withdraw as Plaintiff Elysian Labs Inc.'s attorney.

Dated: December 21, 2023

| | |
|---|---|
| Date: Washington, D.C.<br>December 21, 2023 | Respectfully submitted,<br><br>FISHERBROYLES LLP<br><br>_/s/ Gene M. Burd_<br>Gene M. Burd (D.C. Bar No. 1004330)<br>1200 G Street, NW<br>Suite 800<br>Washington, DC 20005<br>Telephone: 202.750.0529<br>gene.burd@fisherbroyles.com<br><br>Attorneys for Plaintiff<br>ELYSIAN LABS, INC. |

4877-2891-5864, v. 1